IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IBETH Z. COLON-ROMAN, | * | CIVIL NO. 20-1224 |
| RICKY PEREZ-SANTOS, per se and in | * | |
| representation of their minor daughter NIP-C | * | |
| Plaintiffs | * | ABOUT: |
| | * | 28 U.S.C. Sec 1331 et als and 1367 |
| Vs. | * | Title VII and 42 USC Sec 1983, 1985 |
| | * | Civil Rights Act 1964, |
| ALLIED UNIVERSAL, | * | ADA and ADEA Discrimination |
| MEDTRONIC, INC. | * | DEFAMATION (Libel and Slander) |
| ELVIN VELEZ-SANTIAGO, | | ART. 1802 and 1803 of PR Civil Code |
| JOHN DOE, RICHARD ROE and their | * | TORTS |
| respective insurance companies | * | |
| Defendants | * | JURY TRIAL REQUESTED |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COME NOW** plaintiffs, through the undersigned attorney and respectfully alleges and request as follows:

**I.     JURISDICTION:**

1. This Honorable Court has jurisdiction pursuant to 28 United States Code §§ 1331 and under Title VII and 42 of the U. S. C., Section 1983, Civil Rights Act 1964, Age Discrimination (ADEA) and Discrimination and Retaliation under the American with Disability Act (ADA).

2. Plaintiff also invoke the article 1802 and 1803 of Puerto Rico Civil Code and the Puerto Rico Law against discrimination and retaliation under the supplemental jurisdiction principles in the interest of judicial efficiency and economy, 28 United States Code § 1367.

3. Plaintiffs invoke violation to Commonwealth of Puerto Rico Labor Laws including Public Law No. 80 of May 30, 1976 as amended, whistler blower act, state law against retaliation, and equivalent Federal Labor Laws (United States Code).

c:\claims\icolón.001

COMPLAINT
CIVIL NO. 20-1224
Page 2

4. This Honorable Court also has venue pursuant to 28 United States Code § 1391 since the claims asserted in this action arose in this judicial district.

5. Plaintiff's civil rights (under 42nd of the United States Code, Section 1983, Civil Rights Act 1964), and other rights under other state and federal labor laws were and continue to be violated by co-defendants, whose actions or acts were under color of law.

6. Trial by jury is hereby requested.

**II.   PARTIES:**

7. Plaintiffs Ibeth Z. Colón-Román and Ricky Pérez-Santos, are married, both of legal age, citizen of the United States and resident of Puerto Rico with address Road 150 Km. 9.6 Palmasola, Villalba, Puerto Rico 00766 and postal address HC-02 Box 5906, Villalba, PR 00766.

8. Co-plaintiff NIP-C is minor children and dependent of co-plaintiffs Ibeth Z. Colón-Román and Ricky Pérez-Santos.

9. Defendant Allied Universal Allied Universal is a privately owned facility services company based in the United States. It also offers security systems, janitorial services and staffing. It is a combination of earlier companies - Barton Protective Services, Spectaguard, Initial and Allied Security. In 2016, Allied Barton merged with Universal Services of America and was named Allied Universal. Their postal address is 1551 N Tustin Avenue, Suite 650, Santa Ana, California 92705; Buchanan Office Center, Road 165 #40, Suite 101, Guaynabo, Puerto Rico 00968.

10. Co-defendant Medtronic, Inc. was the *de facto* employer of plaintiff at the time of the facts alleged in the complaint. Medtronic, Inc. was the employer of co-defendant Elvin Vélez-Santiago, the immediate supervisor of the Plaintiff.

11. Co-defendant Elvin Vélez-Santiago was the immediate supervisor of the Plaintiff at

c:\claims\icolón.001

**COMPLAINT**
**CIVIL NO. 20-1224**
**Page 3**

the time of the facts alleged in the complaint.

12.   John Doe and Richard Roe are those persons who are in any way responsible to cause the facts that give reason for this claim. Included are the insurance companies of all the defendants.

### III.   FACTS:

13.   Claimant Ibeth Z. Colón-Román worked as Security Coordinator for Medtronic, Inc. assigned by Allied Universal. She worked for Medtronic, Inc. since November 2007 under Securitas. Later her position was subcontracted under the services of Allied Universal on December 2013. Claimant has been working for Allied Universal since December 2013. She worked as Security Coordinator for Medtronic, Inc. (under Allied Universal) until May 24, 2019.

14.   As part of her duties, claimant supervised the plant access control, premises' security, precious metal's room (platinum) control and accountability, security guard shifts, security cams data, reports of building damages and physical security, etc.

15.   She was treated by the physician on duty at Medtronic since 2007.

16.   While performing her duties she reported several incidents (wrongdoing and violations of Medtronic procedures and personal misconduct including body touching on various occasions) pertaining Mr. Elvin Vélez-Santiago (Medtronic's Facility EHS Manager and Building Occupancy Manager). Mr. Vélez was never in her chain of command but was in her reporting channel (damages to building and facilities).

17.   Claimant Ibeth Z. Colón-Román reported the several incidents (wrongdoing and violations of Medtronic procedures and personal misconduct including body touching on various occasions) pertaining Mr. Elvin Vélez-Santiago to her immediate supervisor at AlliedUniversal on several occasions; verbally, via email, written format, etc.

c:\claims\icolón.001

COMPLAINT
CIVIL NO. 20-1224
Page 4

18. Claimant Ibeth Z. Colón-Román went on sick leave and had an extremely important medical evaluations/procedures but was ordered to canceled it in order to report to AlliedUniversal headquarters in Puerto Rico. She was told by AlliedUniversal staff of her removal of duties at Medtronic as requested.

19. AlliedUniversal actions against claimant Ibeth Z. Colón-Román was in violation of ADA, ADEA and Title VII and 42 of the United States Code, Section 1983, Civil Rights Act 1964. She was discriminated due to her race/color, ethnicity and nationality/national origin. Shee was discriminated due to her age and medical conditions also.

20. Mrs. Colón-Román suffered violations to his civil rights, due process, discrimination, labor law violations (state and federal law), retaliation/reprisals, personal damages under article 1802 and 1803, HIPAA, Privacy Act, etc. while working for the Allied Universal.

21. The violations included those under Title VII and 42 of the United States Code, Section 1983, Civil Rights Act 1964 (discrimination for race/color, ethnicity and nationality/national origin), the American with Disability Act (ADA), and "Age Discrimination in Employment Act of 1967", 29 U.S.C. § 621- 634, (ADEA).

22. Also claimant invoked violations under the labor laws of the Commonwealth of Puerto Rico against discrimination and under *Public Law No. 80 of May 30, 1976*. It is also claimed under *Puerto Rico Civil Code Article 1802, 1803 31 L.P.R.A. Sec. 5141*, *et. seq.*, (Torts).

23. Plaintiff filed a complaint in the U. S. Equal Employment Opportunity Commission (EEOC) on September 23, 2019. The Notice was received on XXX

24. The defendants, supervisors, administrators, directors were negligent and caused emotional and mental damage and anguish to the plaintiffs. The co-defendants while acting under

c:\claims\icolón.001

COMPLAINT
CIVIL NO. 20-1224
Page 5

color of law violated the Civil Rights discriminated against the plaintiff causing damages to the plaintiff. The defendants and their respective insurance companies are liable under the Civil Rights, and Article 1802 and 1803 of Puerto Rico Civil Code Law.

### III.  DAMAGES:

25.    Plaintiff Ibeth Z. Colón-Román, was humiliated, discriminated, harassed, persecuted and his due process rights, damages estimated on $500,000.00.

26.    Plaintiff Ibeth Z. Colón-Román, has suffered and continues to suffer, severe emotional distress, affliction, anguish, deprivation estimated on $500,000.00.

27.    Plaintiff Ibeth Z. Colón-Román, rights under ADA and ADEA were violated and he was retaliated after he filed a complaint, humiliated, discriminated, harassed, persecuted, damages estimated on $1,000,000.00.

28.    Co-plaintiff, Ricky Pérez-Santos has suffered and continues to suffer, severe emotional distress, affliction, anguish, deprivation due to his wife suffering, estimated on $500,000.00.

29.    Co-plaintiff NIP-C has suffered and continues to suffer, severe emotional distress, affliction, anguish, deprivation due to her mother suffering, estimated on $500,000.00.

30.    Plaintiff Ibeth Z. Colón-Román, has suffered damages to her honor and reputation in the community. Damages that sum the amount of $500,000.00.

31.     Plaintiff Ibeth Z. Colón-Román, was sexually harassed by individual co-defendant Elvin Vélez-Santiago. Damages that sum the amount of $1,500,000.00.

**IN WITNESS WHEREOF** it is respectfully requested from this Honorable Court that judgment be entered against the defendant awarding damages to plaintiffs for no less than six

c:\claims\icolón.001

**COMPLAINT**
**CIVIL NO. 20-1224**
**Page 6**

millions dollars (**$6,000,000.00**) plus cost, expenses, and a reasonable amount for attorneys fees, grant plaintiffs such other relief as it may deem proper under the circumstances and pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiffs also hereby request a trial.

**JURY TRAIL DEMANDED.**

**RESPECTFULLY SUBMITTED**.

In Ponce, Puerto Rico this 4th day of May of 2020.

        **RODRIGUEZ LOPEZ LAW OFFICE**, **P. S. C.**
        Juan R. Rodriguez
        PO Box 7693
        Ponce, Puerto Rico 00732-7693
        Tel: (787) 843-2828 / 843-2900 Fax: 284-1267
        Email: **juan_r_rodriguez00732@hotmail.com**
                **juan.r.rodriguez00732@gmail.com**

By:     *S\Juan R. Rodriguez*
        **JUAN R. RODRIGUEZ**
        **USDC-PR 214410**

c:\claims\icolón.001